IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FORREST LEE STOKES, PRO SE, § <br> also known as FORREST STOKES, § <br> TDCJ-CID No. 1244719, § <br> Previous TDCJ-CID No. 667006, § <br> Previous TDCJ-CID No. 971862, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RISSIE OWENS and JACKLYN McNIEL, § <br> § <br> Defendants. § | 2:12-CV-0219 |

**REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT**

Plaintiff FORREST LEE STOKES, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 and has been granted permission to proceed in forma pauperis. This cause originally included various other defendants and asserted claims based on acts committed at the Montford Unit in Lubbock, Texas. Those claims were severed and transferred and plaintiff was ordered to file an amended complaint. Plaintiff did so on December 13, 012.

Plaintiff's 194 page Amended Complaint is not a model of either clarity or brevity. It clearly does not comply with the requirement that it provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in accord with Rule 8((a)(2), Federal Rules of Civil Procedure.

Plaintiff's request for relief appears to be that he be immediately released on parole or placed in the custody of the F.B.I. or the U.S. Marshal, and be awarded $2,000.00 per day beginning the date plaintiff maintains he should have been released on parole.

Plaintiff also wants use of certified mail for federal court mailings and to be issued at least 200 sheets of paper and four ink pens a week until this cause and plaintiff's other litigation is complete. Having examined this claim, the Court finds it lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Of course, the Court cannot order plaintiff's release or payment of $2,000.00 per day until he has shown an entitlement to release. More importantly, release must be pursued through an action in habeas corpus. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Boyd v. Biggers*, 31 F3d 279, 283 n.4 (5th Cir. 1994). As to an award of $2,000.00 per day for each day plaintiff was incarcerated past the date on which he maintains he should have been released, that claim will not accrue until after *Heck*[1] conditions had been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). At present, this claim lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

By the allegations presently presented, plaintiff has failed to state a claim on which relief can be granted.

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

If plaintiff disagrees and/or objects that he is not seeking speedier release, he must plead with specificity how his claims against defendants OWENS and McNEIL are properly asserted as civil rights claims as opposed to claims for relief under habeas corpus. In addition, plaintiff is notified the Amended Complaint consisting of 194 pages is in violation of Rule 8, Federal Rules of Civil Procedure; and, if he has claims other than those the Court has identified as habeas corpus claims, he must, within the fourteen day period for objections, file a Second Amended Complaint which does comply with Rule 8, Federal Rules of Civil Procedure. While the Court cannot tell plaintiff how to plead his case, at a minimum, he must list each act or omission on which he basis his claim against each named defendant and state when and where it occurred and how it violated his constitutionally protected rights.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(2), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Amended Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff FORREST LEE STOKES be DISMISSED FOR BEING IN VIOLATION OF RULE 8, FED.R.CIV.PRO., AND BE DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). It is the further RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's claims sounding in habeas be DISMISSED WITHOUT PREJUDICE TO BEING REASSERTED IN A HABEAS ACTION.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of December, 2012.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).